1   THOMAS E. FRANKOVICH (State Bar No. 074414)
    THOMAS E. FRANKOVICH,
2   *A Professional Law Corporation*
    4328 Redwood Hwy., Suite 300
3   San Rafael, CA 94903
    Telephone:    415/674-8600
4   Facsimile:    415/674-9900

5   Attorneys for Plaintiffs
    CRAIG YATES
6   and DISABILITY RIGHTS
    ENFORCEMENT, EDUCATION,
7   SERVICES: HELPING YOU
    HELP OTHERS

8

9

**FILED**

JAN 1 3 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

**MEJ**

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12   CRAIG YATES, an individual; and           )   **CASE NO.**
     DISABILITY RIGHTS, ENFORCEMENT, )   **Civil Rights    09    0154**
13   EDUCATION, SERVICES:HELPING YOU )
     HELP OTHERS, a California public benefit )   **COMPLAINT FOR INJUNCTIVE RELIEF**
14   corporation,                              )   **AND DAMAGES:**
                                               )
15        Plaintiffs,                          )   **1st CAUSE OF ACTION:** For Denial of Access
                                               )   by a Public Accommodation in Violation of the
16   v.                                        )   Americans with Disabilities Act of 1990 (42
                                               )   U.S.C. §12101, *et seq.*)
17   MICHAEL WURCHE; and PHILOMENA )
     WURCHE, as individuals,                   )   **2nd CAUSE OF ACTION:** For Denial of Full
18                                             )   and Equal Access in Violation of California
          Defendants                           )   Civil Code §§54, 54.1 and 54.3
19   _____)
                                                   **3rd CAUSE OF ACTION:** For Denial of
20                                                 Accessible Sanitary Facilities in Violation of
                                                   California Health & Safety Code §19955, *et seq.*
21
                                                   **4th CAUSE OF ACTION:** For Denial of
22                                                 Access to Full and Equal Accommodations,
                                                   Advantages, Facilities, Privileges and/or
23                                                 Services in Violation of California Civil Code
                                                   §51, *et seq.* (The Unruh Civil Rights Act)
24

25

26                                                 **DEMAND FOR JURY**

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1       Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2 EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3 corporation (hereinafter sometimes referred to as "DREES"), complain of defendants

4 MICHAEL WURCHE; and PHILOMENA WURCHE, and allege as follows:

5 **INTRODUCTION:**

6     1.     This is a civil rights action for discrimination against persons with physical

7 disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are

8 members, for failure to remove architectural barriers structural in nature at defendants' Shanghai

9 Chinese Garden restaurant, a place of public accommodation, thereby discriminatorily denying

10 plaintiffs and the class of other similarly situated persons with physical disabilities access to, the

11 full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities,

12 services, and accommodations thereof. Plaintiffs seek injunctive relief and damages pursuant to

13 the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code

14 §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

15     2.     Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

16 November 4, 2008, November 9, 2008, November 19, 2008, November 22, 2008,

17 November 28, 2008, December 8, 2008, December 26, 2008 and January 2, 2009, was an invitee,

18 guest, patron, customer at defendants' Shanghai Garden Chinese Restaurant, in the City of

19 Novato, California. At said time and place, defendants failed to provide proper legal access to

20 the restaurant, which is a "public accommodation" and/or a "public facility" including, but not

21 limited to the entry, men's restroom and women's restroom. The denial of access was in

22 violation of both federal and California legal requirements, and plaintiff CRAIG YATES

23 suffered violation of his civil rights to full and equal access, and was embarrassed and

24 humiliated.

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.   **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.   **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 471 Entrada Drive, in the City of Novato, County of Marin, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.   Plaintiff CRAIG YATES is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff is a triplegic.   Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

1    6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
2  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works
3  with persons with disabilities to empower them to be independent in American society.  DREES
4  accomplishes its goals and purposes through education on disability issues, enforcement of the
5  rights of persons with disabilities, and the provision of services to persons with disabilities, the
6  general public, public agencies and the private business sector.  DREES brings this action on
7  behalf of its members, many of whom are persons with physical disabilities and whom have
8  standing in their right to bring this action.

9    7.    That members of DREES, like plaintiff CRAIG YATES, will or have been guests
10  and invitees at the subject Shanghai Chinese Garden restaurant, and that the interests of plaintiff
11  DREES in removing architectural barriers at the subject Shanghai Garden restaurant advance the
12  purposes of DREES to assure that all public accommodations, including the subject restaurant,
13  are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff
14  DREES as alleged herein is purely statutory in nature.

15    8.    Defendants MICHAEL WURCHE; and PHILOMENA WURCHE (hereinafter
16  alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or
17  lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as
18  Shanghai Chinese Garden restaurant, located at/near 471 Entrada Drive, Novato, California, or of
19  the building and/or buildings which constitute said public accommodation.

20    9.    At all times relevant to this complaint, defendants MICHAEL WURCHE; and
21  PHILOMENA WURCHE, as individuals, own and operate in joint venture the subject Shanghai
22  Chinese Garden restaurant as a public accommodation.  This business is open to the general
23  public and conducts business therein.  The business is a "public accommodation" or "public
24  facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health
25  and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

26  ///
27  ///
28  ///

1    10.    At all times relevant to this complaint, defendants MICHAEL WURCHE; and

2 PHILOMENA WURCHE, are jointly and severally responsible to identify and remove

3 architectural barriers at the subject Shanghai Chinese Garden restaurant pursuant to Code of

4 Federal Regulations title 28, section 36.201(b), which states in pertinent part:

5        **§ 36.201      General**

6            (b) *Landlord and tenant responsibilities.* Both the landlord
             who owns the building that houses a place of public
7            accommodation and the tenant who owns or operates the place of
             public accommodation are public accommodations subject to the
8            requirements of this part. As between the parties, allocation of
             responsibility for complying with the obligations of this part may
9            be determined by lease or other contract.

10       28 CFR §36.201(b)

11   **PRELIMINARY FACTUAL ALLEGATIONS:**

12    11.    The Shanghai Garden, is a restaurant, located at/near 471 Entrada Drive, Novato,

13 California. The Shanghai Chinese Garden restaurant, its entry, men's restroom, women's

14 restroom, and its other facilities are each a "place of public accommodation or facility" subject to

15 the barrier removal requirements of the Americans with Disabilities Act. On information and

16 belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and

17 additions", each of which has subjected the restaurant and each of its facilities, its entry, men's

18 restroom and women's restroom to disability access requirements per the Americans with

19 Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of

20 regulations (Title 24).

21    12.    At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

22    13.    At all times referred to herein and continuing to the present time, defendants, and

23 each of them, advertised, publicized and held out the Shanghai Chinese Garden restaurant as

24 being handicapped accessible and handicapped usable.

25    14.    On or about November 4, 2008, November 9, 2008, November 19, 2008,

26 November 22, 2008, November 28, 2008, December 8, 2008, December 26, 2008 and January 2,

27 2009, plaintiff CRAIG YATES was an invitee and guest at the subject Shanghai Chinese Garden

28 restaurant, for purposes of having food and/or beverages.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    15.    On or about November 4, 2008, plaintiff CRAIG YATES struggled with the entry

2    door into the subject restaurant. After having his meal, plaintiff CRAIG YATES had need to use

3    an accessible restroom. Plaintiff CRAIG YATES powered to the men's restroom and could not

4    gain access.

5    16.    On or about November 9, 2008, plaintiff CRAIG YATES returned to the

6    Shanghai Chinese Garden restaurant and encountered the same architectural barriers:

7          •    a non-compliant entry door; and

8          •    a inaccessible restroom.

9    17.    On this occasion, plaintiff CRAIG YATES attempted to use the women's

10   restroom but could not gain access.

11   18.    On or about November 13, 2008, plaintiff CRAIG YATES wrote a detailed letter

12   to both the landlord and the tenant explaining the nature of the problem with the restrooms.

13   Plaintiff CRAIG YATES provided a diagram of what could be done to provide for a usable

14   accessible restroom.

15   19.    Subsequently, on or about November 19, 2008, November 22, 2008 and

16   November 28, 2008, plaintiff CRAIG YATES dined at Shanghai Chinese Garden restaurant and

17   encountered the same architectural barriers to wit:

18         •    non-compliant entrance; and

19         •    inaccessible restroom.

20   20.    On or about December 8, 2008, plaintiff CRAIG YATES returned to  Shanghai

21   Garden restaurant for a take out order. While waiting for his order, an older Chinese woman

22   approached him with a phone in her hand. It appeared she was speaking to someone. In

23   substance, she asked him to speak to her son, which he did. The alleged son stated in substance:

24   "We received your letter and the Health Department, o'kayed the use of the restrooms." Plaintiff

25   CRAIG YATES replied in substance: "The Health Department does not monitor or make

26   decisions about accessible restrooms."   To this, the alleged son in substance stated: "The other

27   people in wheelchairs used the restrooms and the problem must be that your wheelchair (plaintiff

28   CRAIG YATES's) is too big."

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1   Plaintiff CRAIG YATES inquired in substance, Whether he, (the son) spoke to the landlord

2   about plaintiff CRAIG YATES's letter.  The alleged son stated in substance, that he spoke with

3   the landlord's management and was told that the restrooms were approved by the Health

4   Department.  Plaintiff CRAIG YATES responded that he, (the son) should have management fix

5   it.

6       21.    On or about December 26, 2008, plaintiff CRAIG YATES once again patronized

7   the Shanghai Chinese Garden restaurant.  No remedial work was being undertaken.

8       22.    Plaintiff CRAIG YATES encountered the same architectural barriers:

9           •    non-compliant entrance; and

10          •    no accessible restrooms.

11      23.    On or about January 2, 2009, plaintiff CRAIG YATES returned to the Shanghai

12  Garden Restaurant.  Plaintiff encountered all the referenced architectural barriers stated herein.

13      24.    Therefore, at said times and place, plaintiff CRAIG YATES,

14  person with a disability, encountered the following inaccessible elements of the subject

15  Shanghai Garden Chinese Restaurant which constituted architectural barriers and a denial of the

16  proper and legally-required access to a public accommodation to persons with physical

17  disabilities including, but not limited to:

18          a.    lack of an accessible entrance;

19          b.    lack of a handicapped-accessible women's public restroom;

20          c.    lack of a handicapped-accessible men's public restroom; and

21          d.    On personal knowledge, information and belief, other public facilities and
       elements too numerous to list were improperly inaccessible for use by
22     persons with physical disabilities.

23      25.    At all times stated herein, the existence of architectural barriers at defendants'

24  place of public accommodation evidenced "actual notice" of defendants' intent not to comply

25  with the Americans with Disabilities Act of 1990 either then, now or in the future.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26.     On or about November 13, 2008, defendant(s) were sent two (2) letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances.  The response from the tenant was that the restrooms were approved by the Health Department and nothing more needed to be done.   Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.

27.     As a legal result of defendants MICHAEL WURCHE; and PHILOMENA WURCHE's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

28.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities.

29.     Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

30.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

1     31.    Plaintiff CRAIG YATES and the membership of DREES were denied their rights

2 to equal access to a public facility by defendants MICHAEL WURCHE; and PHILOMENA

3 WURCHE, because defendants MICHAEL WURCHE; and PHILOMENA WURCHE,

4 maintained a restaurant without access for persons with physical disabilities to its facilities,

5 including but not limited to the entry, men's restroom, women's restroom, and other public areas

6 as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiffs

7 and other persons with physical disabilities in these and other ways.

8     32.    On information and belief, construction alterations carried out by defendants have

9 also triggered access requirements under both California law and the Americans with Disabilities

10 Act of 1990.

11     33.    Plaintiffs, as described herein below, seek injunctive relief to require the Shanghai

12 Chinese Garden restaurant to be made accessible to meet the requirements of both California law

13 and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as

14 defendant operates the restaurant as a public facility.

15     34.    Plaintiffs seek damages for violation of their civil rights on November 4, 2008,

16 November 9, 2008, November 19, 2008, November 22, 2008, November 28, 2008, December 8,

17 2008, December 26, 2008 and January 2, 2009, and they seek statutory damages of not less than

18 $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for

19 each day after his visit that the trier of fact (court/jury) determines was the date that some or all

20 remedial work should have been completed under the standard that the landlord and tenant had an

21 ongoing duty to identify and remove architectural barriers where it was readily achievable to do

22 so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation

23 because of his knowledge and/or belief that neither some or all architectural barriers had been

24 removed and that said premises remains inaccessible to persons with disabilities whether a

25 wheelchair user or otherwise.

26     35.    On information and belief, defendant has been negligent in their affirmative duty to

27 identify the architectural barriers complained of herein and negligent in the removal of some or all

28 of said barriers.

1      36.    Because of defendants' violations, plaintiffs and other persons with physical

2 disabilities are unable to use public facilities such as those owned and operated by defendants on a

3 "full and equal" basis unless such facility is in compliance with the provisions of the Americans

4 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

5 other accessibility law as plead herein. Plaintiffs seek an order from this court compelling

6 defendants to make the subject restaurant accessible to persons with disabilities.

7      37.    On information and belief, defendants have intentionally undertaken to modify and

8 alter existing building(s), and have failed to make them comply with accessibility requirements

9 under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each

10 of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit

11 and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried

12 out by defendants, and each of them, with a willful and conscious disregard for the rights and

13 safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as

14 provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of

15 defendants, and each of them, to other operators and landlords of other restaurants, strip malls and

16 other public facilities, and to punish defendants and to carry out the purposes of the Civil Code

17 §§ 51, 51.5 and 54.

18      38.    Plaintiffs are informed and believe and therefore allege that defendants

19 MICHAEL WURCHE; and PHILOMENA WURCHE, and each of them, caused the subject

20 building(s) which constitute the Shanghai Chinese Garden restaurant to be constructed, altered

21 and maintained in such a manner that persons with physical disabilities were denied full and equal

22 access to, within and throughout said building(s) of the restaurant and were denied full and equal

23 use of said public facilities. Furthermore, on information and belief, defendants have continued to

24 maintain and operate said restaurant and/or its building(s) in such conditions up to the present

25 time, despite actual and constructive notice to such defendants that the configuration of the

26 subject restaurant and/or its building(s) is in violation of the civil rights of persons with physical

27 disabilities, such as plaintiff CRAIG YATES, the membership of plaintiff DREES and the

28 disability community which DREES serves. Such construction, modification, ownership,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   operation, maintenance and practices of such public facilities are in violation of Civil Code §§51,

2   51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

3        39.    On personal knowledge, information and belief, the basis of defendants' actual and

4   constructive notice that the physical configuration of the facilities including, but not limited to,

5   architectural barriers constituting the Shanghai Garden restaurant and/or building(s) was in

6   violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is

7   not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself,

8   owners of other restaurants, hotels, motels - and businesses, notices they obtained from

9   governmental agencies upon modification, improvement, or substantial repair of the subject

10  premises and other properties owned by these defendants, newspaper articles and trade

11  publications regarding the Americans with Disabilities Act of 1990 and other access laws, public

12  service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and

13  other similar information. Defendants' failure, under state and federal law, to make the Shanghai

14  Garden restaurant accessible is further evidence of defendants' conscious disregard for the rights

15  of plaintiff and other similarly situated persons with disabilities. Despite being informed of such

16  effect on plaintiff and other persons with physical disabilities due to the lack of accessible

17  facilities, defendants, and each of them, knowingly and willfully refused to take any steps to

18  rectify the situation and to provide full and equal access for plaintiffs and other persons with

19  physical disabilities to the restaurant. Said defendants, and each of them, have continued such

20  practices, in conscious disregard for the rights of plaintiffs and other persons with physical

21  disabilities, up to the date of filing of this complaint, and continuing thereon. Defendant had

22  further actual knowledge of the architectural barriers referred to herein by virtue of the demand

23  letter addressed to the defendant and served concurrently with the summons and complaint. Said

24  conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with

25  physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety

26  of plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per

27  Civil Code §§52 and 54.3.

28  ///

1    40.    Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and

2  the disability community which it serves, consisting of persons with disabilities, would, could and

3  will return to the subject public accommodation when it is made accessible to persons with

4  disabilities.

5  **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
         ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
6  **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, et seq.)**
       (On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
7      EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
       corporation and Against Defendants MICHAEL WURCHE; and PHILOMENA
8      WURCHE, as individuals, inclusive)
       (42 U.S.C. §12101, et seq.)
9
       41.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the
10
   allegations contained in paragraphs 1 through 40 of this complaint.
11
       42.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.
12
   §12101 regarding persons with physical disabilities, finding that laws were needed to more fully
13
   protect:
14
              some 43 million Americans with one or more physical or mental
15            disabilities; [that] historically society has tended to isolate and
              segregate individuals with disabilities; [that] such forms of
16            discrimination against individuals with disabilities continue to be a
              serious and pervasive social problem; [that] the nation's proper
17            goals regarding individuals with disabilities are to assure equality of
              opportunity, full participation, independent living and economic
18            self-sufficiency for such individuals; [and that] the continuing
              existence of unfair and unnecessary discrimination and prejudice
19            denies people with disabilities the opportunity to compete on an
              equal basis and to pursue those opportunities for which our free
20            society is justifiably famous.

21     43.    Congress stated as its purpose in passing the Americans with Disabilities Act of

22  1990 (42 U.S.C. §12102):

23            It is the purpose of this act (1) to provide a clear and comprehensive
              national mandate for the elimination of discrimination against
24            individuals with disabilities; (2) to provide clear, strong, consistent,
              enforceable standards addressing discrimination against individuals
25            with disabilities; (3) to ensure that the Federal government plays a
              central role in enforcing the standards established in this act on
26            behalf of individuals with disabilities; and (4) to invoke the sweep
              of Congressional authority, including the power to enforce the 14th
27            Amendment and to regulate commerce, in order to address the
              major areas of discrimination faced day to day by people with
28            disabilities.

44. As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

45. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

46. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

1            (iv)     a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing
2        facilities . . . where such removal is readily achievable; and

3            (v)     where an entity can demonstrate that the removal of
a barrier under clause (iv) is not readily achievable, a failure to
4        make such goods, services, facilities, privileges, advantages or
accommodations available through alternative methods if such
5        methods are readily achievable.

6 The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public

7 Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

8 January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

9 §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

10       47.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was

11 at all times after January 26, 1992 "readily achievable" as to the subject building(s) of

12 Shanghai Chinese Garden restaurant pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On

13 information and belief, if the removal of all the barriers complained of herein together was not

14 "readily achievable," the removal of each individual barrier complained of herein was "readily

15 achievable." On information and belief, defendants' failure to remove said barriers was likewise

16 due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

17 (b)(2)(A)(i)and (ii).

18       48.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

19 accomplishable and able to be carried out without much difficulty or expense." The statute

20 defines relative "expense" in part in relation to the total financial resources of the entities

21 involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that

22 plaintiffs complain of herein were and are "readily achievable" by the defendants under the

23 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

24 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

25 make the required services available through alternative methods which were readily achievable.

26 ///

27 ///

28 ///

1    49.    On information and belief, construction work on, and modifications of, the subject
2   building(s) of Shanghai Garden restaurant occurred after the compliance date for the Americans
3   with Disabilities Act, January 26, 1992, independently triggering access requirements under Title
4   III of the ADA.

5    50.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
6   *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
7   Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the
8   basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs
9   are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from
10  returning to or making use of the public facilities complained of herein so long as the premises
11  and defendants' policies bar full and equal use by persons with physical disabilities.

12    51.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
13  disability to engage in a futile gesture if such person has actual notice that a person or
14  organization covered by this title does not intend to comply with its provisions." Pursuant to this
15  section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about
16  January 2, 2009, but on information and belief, alleges that defendants have continued to violate
17  the law and deny the rights of plaintiffs and of other persons with physical disabilities to access
18  this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
19  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
20  facilities readily accessible to and usable by individuals with disabilities to the extent required by
21  this title."

22    52.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights
23  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement
24  the Americans with Disabilities Act of 1990, including but not limited to an order granting
25  injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being
26  deemed to be the prevailing party.

27  ///

28  ///

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2  **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEO.**

3    (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

4    corporation, and Against Defendants MICHAEL WURCHE; and PHILOMENA WURCHE, as individuals, inclusive)

5    (California Civil Code §§54, 54.1, 54.3, *et seq.)*

6    53.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

7  allegations contained in paragraphs 1 through 52 of this complaint.

8    54.    At all times relevant to this action, California Civil Code §54 has provided that

9  persons with physical disabilities are not to be discriminated against because of physical handicap

10  or disability. This section provides that:

11    (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways,

12    sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

13    55.    California Civil Code §54.1 provides that persons with disabilities shall not be

14  denied full and equal access to places of public accommodation or facilities:

15

16    (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including

17    hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains,

18    motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised,

19    licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of

20    public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions

21    and limitations established by law, or state or federal regulation, and applicable alike to all persons.

22    Civil Code §54.1(a)(1)

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

56.     California Civil Code §54.1 further provides that a violation of the Americans with

Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the
> Americans with Disabilities Act of 1990 (Public Law 101-336) also
> constitutes a violation of this section, and nothing in this section
> shall be construed to limit the access of any person in violation of
> that act.

Civil Code §54.1(d)

57.     Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons

within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by

the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific

architectural barrier which defendants knowingly and willfully fail and refuse to remove

constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and

continue to be denied full and equal access to defendants' Shanghai Chinese Garden restaurant.

As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination,

in accordance with California Civil Code §54.3(a) for each day on which they visited or have been

deterred from visiting the restaurant because of their knowledge and belief that the restaurant is

inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes
> with admittance to or enjoyment of the public facilities as specified
> in Sections 54 and 54.1 or otherwise interferes with the rights of an
> individual with a disability under Sections 54, 54.1 and 54.2 is
> liable for each offense for the actual damages and any amount as
> may be determined by a jury, or the court sitting without a jury, up
> to a maximum of three times the amount of actual damages but in
> no case less than . . .one thousand dollars ($1,000) and . . .
> attorney's fees as may be determined by the court in addition
> thereto, suffered by any person denied any of the rights provided in
> Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

1    58.    On or about November 4, 2008, November 9, 2008, November 19, 2008,
2 November 22, 2008, November 28, 2008, December 8, 2008, December 26, 2008 and
3 January 2, 2009, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that
4 plaintiff CRAIG YATES was denied access to the entry, men's restroom, women's restroom and
5 other public facilities as stated herein at the Shanghai Chinese Garden restaurant and on the basis
6 that plaintiff CRAIG YATES was a person with physical disabilities.

7    59.    As a result of the denial of equal access to defendants' facilities due to the acts and
8 omissions of defendants, and each of them, in owning, operating and maintaining these subject
9 public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to
10 rights under Civil Code §§54, 54.1 and 54.3.

11    60.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
12 anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
13 and worry, all of which are expectedly and naturally associated with a denial of access to a person
14 with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
15 omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are
16 persons or an entity that represents persons with physical disabilities and unable, because of the
17 architectural barriers created and maintained by the defendants in violation of the subject laws, to
18 use the public facilities hereinabove described on a full and equal basis as other persons.

19    61.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct
20 and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiffs'
21 rights as persons or an entity that represents persons with physical disabilities on or about
22 November 4, 2008, November 9, 2008, November 19, 2008, November 22, 2008, November 28,
23 2008, December 8, 2008, December 26, 2008 and January 2, 2009, and on a continuing basis
24 since then, including statutory damages, a trebling of all of actual damages, general and special
25 damages available pursuant to §54.3 of the Civil Code according to proof.

26    62.    As a result of defendants', and each of their, acts and omissions in this regard,
27 plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
28 plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1 disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to

2 the provisions of Civil Code §54.3, plaintiffs therefore will seek recovery in this lawsuit for all

3 reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,

4 plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

5 to compel the defendants to make their facilities accessible to all members of the public with

6 disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

7 the provisions of §1021.5 of the Code of Civil Procedure.

8      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

9 **III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
        FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEO.***

10     (On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS, ENFORCEMENT,
       EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

11     corporation and Against Defendants MICHAEL WURCHE; and PHILOMENA
       WURCHE, as individuals, inclusive)

12     (Health & Safety Code §19955, *et seq.*)

13     63.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

14 allegations contained in paragraphs 1 through 62 of this complaint.

15     64.    Health & Safety Code §19955 provides in pertinent part:

16          The purpose of this part is to insure that public accommodations or
            facilities constructed in this state with private funds adhere to the

17          provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
            of Title 1 of the Government Code.  For the purposes of this part

18          "public accommodation or facilities" means a building, structure,
            facility, complex, or improved area which is used by the general

19          public and shall include auditoriums, hospitals, theaters, restaurants,
            hotels, motels, stadiums, and convention centers.  When sanitary

20          facilities are made available for the public, clients or employees in
            such accommodations or facilities, they shall be made available for

21          the handicapped.

22     65.    Health & Safety Code §19956, which appears in the same chapter as §19955,

23 provides in pertinent part, "accommodations constructed in this state shall conform to the

24 provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

25 Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

26 public accommodations constructed or altered after that date.  On information and belief, portions

27 of the Shanghai Chinese Garden restaurant and/or of the building(s) were constructed and/or

28 altered after July 1, 1970, and substantial portions of the restaurant and/or the building(s) had

1  alterations, structural repairs, and/or additions made to such public accommodations after July 1,
2  1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part
3  5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or
4  additions per Health & Safety Code §19959.

5       66.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
6  Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
7  1982, Title 24 of the California Building Standards Code adopted the California State Architect's
8  Regulations and these regulations must be complied with as to any alterations and/or
9  modifications of the restaurant and/or the building(s) occurring after that date. Construction
10  changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant
11  to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.
12  On information and belief, at the time of the construction and modification of said building, all
13  buildings and facilities covered were required to conform to each of the standards and
14  specifications described in the American Standards Association Specifications and/or those
15  contained in Title 24 of the California Building Standards Code.

16       67.    Restaurants such as the Shanghai Chinese Garden restaurant are "public
17  accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

18       68.    As a result of the actions and failure to act of defendants, and as a result of the
19  failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were
20  denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'
21  civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to
22  public facilities.

23       69.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
24  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
25  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with
26  physical disabilities and prohibiting discrimination against the persons with physical disabilities,
27  and to take such action both in plaintiffs' own interests and in order to enforce an important right
28  affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

1  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

2  §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

3  and Civil Code §§54.3 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and

4  litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

5  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

6      70.     Plaintiffs seek injunctive relief for an order compelling defendants, and each of

7  them, to make the subject place of public accommodation readily accessible to and usable by

8  persons with disabilities.

9      Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

10 **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
        EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
11 **      AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
        SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
12        (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
        EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
13        corporation, and Against Defendants MICHAEL WURCHE; and PHILOMENA
        WURCHE, as individuals, inclusive)
14        (Civil Code §51, 51.5)

15      71.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

16 allegations contained in paragraphs 1 through 70 of this complaint.

17      72.     Defendants' actions and omissions and failure to act as a reasonable and prudent

18 public accommodation in identifying, removing and/or creating architectural barriers, policies,

19 practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

20 Unruh Act provides:

21              This section shall be known, and may be cited, as the Unruh
            Civil Rights Act.
22
              All persons within the jurisdiction of this state are free and
23          equal, and no matter what their sex, race, color, religion, ancestry,
            national origin, or **disability** are entitled to the full and equal
24          accommodations, advantages, facilities, privileges, or services in all
            business establishments of every kind whatsoever.
25
              This section shall not be construed to confer any right or
26          privilege on a person that is conditioned or limited by law or that is
            applicable alike to persons of every sex, color, race, religion,
27          ancestry, national origin, or **disability.**

28 ///

1       Nothing in this section shall be construed to require any
        construction, alteration, repair, structural or otherwise, or
2       modification of any sort whatsoever, beyond that construction,
        alteration, repair, or modification that is otherwise required by other
3       provisions of law, to any new or existing establishment, facility,
        building, improvement, or any other structure . . . nor shall anything
4       in this section be construed to augment, restrict, or alter in any way
        the authority of the State Architect to require construction,
5       alteration, repair, or modifications that the State Architect otherwise
        possesses pursuant to other . . . laws.

6
        A violation of the right of any individual under the
7       Americans with Disabilities Act of 1990 (Public Law 101-336) shall
        also constitute a violation of this section.

8
As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

9
"intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

10
failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

11
failing to act to identify and remove barriers can be construed as a "negligent per se" act of

12
defendants, and each of them.

13
        73.     The acts and omissions of defendants stated herein are discriminatory in nature and

14
in violation of Civil Code §51.5:

15
        No business establishment of any kind whatsoever shall
16      discriminate against, boycott or blacklist, refuse to buy from, sell to,
        or trade with any person in this state because of the race, creed,
17      religion, color, national origin, sex, or **disability** of the person or of
        the person's partners, members, stockholders, directors, officers,
18      managers, superintendents, agents, employees, business associates,
        suppliers, or customers.

19
        As used in this section, "person" includes any person, firm
20      association, organization, partnership, business trust, corporation,
        limited liability company, or company.

21
        Nothing in this section shall be construed to require any
22      construction, alteration, repair, structural or otherwise, or
        modification of any sort whatsoever, beyond that construction,
23      alteration, repair or modification that is otherwise required by other
        provisions of law, to any new or existing establishment, facility,
24      building, improvement, or any other structure . . . nor shall anything
        in this section be construed to augment, restrict or alter in any way
25      the authority of the State Architect to require construction,
        alteration, repair, or modifications that the State Architect otherwise
26      possesses pursuant to other laws.

27      ///

28      ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1     74.     Defendants' acts and omissions as specified have denied to plaintiffs full and equal
2 accommodations, advantages, facilities, privileges and services in a business establishment, on the
3 basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.
4 Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the
5 right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)
6 shall also constitute a violation of this section." Plaintiffs accordingly incorporate the entirety of
7 their above cause of action for violation of the Americans with Disabilities Act at §41, *et seq*., as
8 if repled herein.

9     75.     As a legal result of the violation of plaintiff CRAIG YATES's civil rights as
10 hereinabove described, plaintiff CRAIG YATES has suffered statutory and general damages.

11     76.     Further, plaintiff CRAIG YATES suffered emotional distress (all to plaintiff's
12 damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs CRAIG
13 YATES and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including
14 trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general
15 damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to
16 proof if deemed to be the prevailing party.

17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants MICHAEL WURCHE; and PHILOMENA WURCHE, as individuals, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.    For injunctive relief, compelling defendants MICHAEL WURCHE; and PHILOMENA WURCHE, as individuals, inclusive, to make the Shanghai Chinese Garden restaurant, located at 471 Entrada Drive, Novato, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEO.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants MICHAEL WURCHE; and PHILOMENA WURCHE, as individuals, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendants MICHAEL WURCHE; and PHILOMENA WURCHE, as individuals, inclusive, to make the Shanghai Chinese Garden restaurant, located at 471 Entrada Drive, Novato, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

///

1    3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

2  if plaintiffs are deemed the prevailing party;

3    4.    Treble damages pursuant to Civil Code §54.3;

4    5.    General damages according to proof;

5    6.    For all costs of suit;

6    7.    Prejudgment interest pursuant to Civil Code §3291; and

7    8.    Such other and further relief as the court may deem just and proper.

8
**III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE**
9  **SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
   **§19955, *ET. SEO.***
10  (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
    EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
11  corporation, and Against Defendants MICHAEL WURCHE; and PHILOMENA
    WURCHE, as individuals, inclusive)
12  (Health & Safety code §19955, *et seq.*)

13    1.    For injunctive relief, compelling defendants MICHAEL WURCHE; and

14  PHILOMENA WURCHE, as individuals, inclusive, to make the Shanghai Chinese Garden

15  restaurant, located at 471 Entrada Drive, Novato, California, readily accessible to and usable by

16  individuals with disabilities, per state law.

17    2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

18  alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

19    3.    For all costs of suit;

20    4.    For prejudgment interest pursuant to Civil Code §3291; and

21    5.    Such other and further relief as the court may deem just and proper.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**IV. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants MICHAEL WURCHE; and PHILOMENA WURCHE, as individuals, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1. All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2. Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3. General damages according to proof;

4. Treble damages pursuant to Civil Code §52(a);

5. For all costs of suit;

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1    6.    Prejudgment interest pursuant to Civil Code §3291; and

2    7.    Such other and further relief as the court may deem just and proper.

3

4  Dated: ___1/8/09___, 2009        THOMAS E. FRANKOVICH,
                                    *A PROFESSIONAL LAW CORPORATION*
5

6

7                                   By: _____

8                                   THOMAS E. FRANKOVICH
                                    Attorneys for Plaintiffs CRAIG YATES and DISABILITY
                                    RIGHTS ENFORCEMENT, EDUCATION, SERVICES:
9                                   HELPING YOU HELP OTHERS, a California public
                                    benefit corporation
10

11                          **DEMAND FOR JURY TRIAL**

12        Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

13

14  Dated: ___1/8/09___, 2009        THOMAS E. FRANKOVICH,
                                    *A PROFESSIONAL LAW CORPORATION*
15

16

17                                   By: _____

18                                   THOMAS E. FRANKOVICH
                                    Attorneys for Plaintiffs CRAIG YATES and DISABILITY
                                    RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
19                                   HELPING YOU HELP OTHERS, a California public
                                    benefit corporation
20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# Exhibit A

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

November 13, 2008

Manager
Shanghai Garden Restaurant
471 Entrada Drive
Novato, CA 94949

Dear Manager of Shanghai Garden:

Recently, I dined at the Shanghai Garden Restaurant. The food was quite good but use of the restroom was quite bad. You see I use a wheelchair and I couldn't get into the men's restroom because it's too small. So, I couldn't use it and I doubt other wheelchair users could.

This letter is written the same to the owner of the building and the manager of Shanghai Garden Restaurant. You see I think it's easy to make an accessible restroom. I think there are these things you could consider:

- One, combine the men's and women's restroom and make one unisex usable restroom;

- Two, close off the hallway at the kitchen and use the hallway as part of the men's restroom. Then make the men's restroom the unisex accessible, and women's restroom just unisex. *See my diagram; or

- Third, use part of the big employee's storage room as a unisex restroom.

If you do #2, the employees will just walk around through part of the dining room.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Shanghai Garden once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates



#2

HALLWAY

MEN'S

Women's

Storage



Change it
Kitchen

Extend the
wall to Block off Kitche

TAKE out wall

DOOR

Unisex   accessible

UNISEX

Put in door & wall
to block off hall

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

November 13, 2008

Owner of Building
Shanghai Garden Restaurant
471 Entrada Drive
Novato, CA 94949

Dear Owner of Building for Shanghai Garden:

Recently, I dined at the Shanghai Garden Restaurant. The food was quite good but use of the restroom was quite bad. You see I use a wheelchair and I couldn't get into the men's restroom because it's too small. So, I couldn't use it and I doubt other wheelchair users could.

This letter is written the same to the owner of the building and the manager of Shanghai Garden Restaurant. You see I think it's easy to make an accessible restroom. I think there are these things you could consider:

- One, combine the men's and women's restroom and make one unisex usable restroom;

- Two, close off the hallway at the kitchen and use the hallway as part of the men's restroom. Then make the men's restroom the unisex accessible, and women's restroom just unisex. *See my diagram; or

- Third, use part of the big employee's storage room as a unisex restroom.

If you do #2, the employees will just walk around through part of the dining room.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Shanghai Garden once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.


Thank You,

Craig Yates



#2

HALLWAY

MEN'S

Women's

Storage



Change it
Kitchen

Extend the
wall to Block off Kitchen

TAKE out wall

DOOR

Unisex accessible

UNisex

Put in door & wall
to block off hall